O

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN - 6 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DOMINIC LE'BLUE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JAMES WALKER, et al.,<br><br>　　　　Respondents. | Case No.  CV 13-03868 CAS (AN)<br><br>ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO OBTAIN PRIOR AUTHORIZATION FROM THE NINTH CIRCUIT |

**I. Summary**

On May 30, 2013, petitioner Dominic Le'Blue ("Petitioner"), a state prisoner, filed his pending *pro se* petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254 ("§ 2254"). The Court has completed its pre-service review of the Petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254, and the Court finds the Petition must be dismissed because it is an unauthorized second or successive petition for the reasons discussed below.

## II. Background

Petitioner's Petition establishes he is currently in state custody arising from his 2007 state conviction and related prison sentence that he sustained following a jury trial in the California Superior Court for Los Angeles County (case no. NA068227) for two counts of first degree burglary and three counts of first degree robbery. The jury also found true allegations that during the commission of both burglaries a resident was present, which qualified those offenses as violent felonies within the meaning of California Penal Code section 667.5(c). After a bifurcated bench proceeding, the trial court found true beyond a reasonable doubt the allegation that Petitioner had suffered one prior serious and/or violent felony conviction that qualified as a "strike" under California's Three Strikes Law, one prior serious felony conviction within the meaning of California Penal Code section 667(a)(1), and that he had served a prior prison term within the meaning of section 667.5(b). The trial court sentenced Petitioner to a total term of 26 years in state prison. (Pet. at 1-2; Official records of California courts.[1/]) The Petition raises one ineffective assistance of counsel claim and one illegal sentencing claim. (Pet. at 6-7.)

However, this Court's records[2/] establish this is the second time Petitioner has sought federal habeas relief from this Court for his state custody arising from his 2007 conviction and sentence. Specifically, on October 5, 2009, Petitioner filed his original petition (CV 09-07548 CAS (AN)) that purported to raise four separate grounds for relief. However, close examination revealed the gravamen of the allegations underlying the claims established Petitioner was principally raising two distinct sentencing error

---

[1/]  The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal habeas courts may take judicial notice of relevant state court records), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

[2/]  The Court takes judicial notice of its own records and files. Fed. R. Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

claims for the purpose of challenging his state custody arising from his 2007 conviction and sentence ("2009 Petition"). The 2009 Petition was considered on the merits by this Court and dismissed with prejudice on April 23, 2010. (*Id.*, Judgment [19].) Petitioner's subsequent requests for a certificate of appealability were denied by this Court and the United States Court of Appeals for the Ninth Circuit. (*Id.*, 04/23/10 Order (CAS) [20]; 12/22/11 Order (9th Cir.) [25].)

In his pending Petition, Petitioner continues to seek federal habeas relief from his current state custody arising from his 2007 conviction and related sentence. The Petition raises one new ineffective assistance of counsel claim and one new illegal sentencing claim. (Pet. at 6-7.)

### III. Discussion

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). As for new claims, the United States Supreme Court has held:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S. Ct. 2641,

162 L. Ed. 2d 480 (2005); *see also Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996). *Burton v. Stewart,* 549 U.S. 147, 152-53, 127 S. Ct. 793 (2007). District courts lack jurisdiction to consider unauthorized successive petitions and must dismiss such petitions. *Id.*, § 2244(b)(2).

Based on the foregoing, the Court finds Petitioner's pending Petition is clearly a "second or successive" habeas petition relative to his 2009 Petition because it continues to challenge his current state custody arising from his underlying 2007 conviction and sentence based upon two new claims. However, the Court lacks jurisdiction to consider these new claims because Petitioner has not alleged or shown that he sought and obtained permission from the Ninth Circuit to file a second or successive habeas petition in this Court for the purpose of raising the new claims, or any other claims. Moreover, the Court takes judicial notice that the Ninth Circuit's records establish that Petitioner has not sought and obtained permission to file the pending Petition.

Therefore, the reference to the Magistrate Judge is vacated and the Petition is dismissed for lack of jurisdiction. *Burton,* 549 U.S. at 152-53. The clerk is directed to enter the judgment of dismissal and notify the Petitioner. Any and all other pending motions are terminated.

IT IS SO ORDERED.

Dated: June 5, 2013

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge

4